IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DANE ELDER JACKSON, | CV-22-31-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| BUTTE-SILVER BOW COUNTY, ET AL., | |
| Defendants. | |

Plaintiff Dane Elder Jackson filed a Complaint alleging constitutional violations regarding his conditions of confinement at Butte-Silver Bow County Detention Center ("BSBDC"). (Doc. 2.) This Court determined that the Complaint failed to state a federal claim for relief and directed Jackson to file an Amended Complaint, if he was able. (Doc. 6.) Jackson did so on May 25, 2022. (Doc. 7.) The Court has reviewed the Amended Complaint and determined that it, too, fails to state a claim for relief. It will be dismissed.

## I.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Jackson is a pretrial detainee proceeding in forma pauperis so the Court must review his Amended Complaint under 28 U.S.C. §§ 1915, 1915A, as explained in detail in the Court's prior order. (Doc. 6 at 2 - 6.) Jackson's Amended Complaint

1

adds a new claim regarding medical treatment. This claim alleges that he was assaulted by another inmate, injured his neck, and has not received medical attention for the injury. (Doc. 7 at 5.) His Amended Complaint otherwise includes variations of the claims he made in his first Complaint regarding lack of security and inspections of crowded living areas, lack of access to a law library, and lack of writing materials. (Doc. 7 at 5 – 7.) He has reduced his list of defendants to include only Butte-Silver Bow County, Mark Johnson, and unnamed Detention Center officers. (Doc. 7 at 2 – 3.) Despite these amendments, Jackson's Amended Complaint does not state a claim for relief and will be dismissed.

### A.  Insufficient Factual Allegations

Jackson's Amended Complaint renews prior claims but fails, as did his original Complaint, to allege sufficient plausible facts to state claims. The Court's prior order directed him to make short, plain statements telling the Court:  (1) the rights Jackson believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Jackson's rights; (5) when the alleged actions took place; and (6) what injury Jackson suffered because of that defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). (Doc. 6 at 15 – 16.) Jackson's Amended Complaint fails to comply with this directive. His narrative explains that he filed grievances about certain

2

things, but never details who did what *to him*, when, that violated his rights. (Doc. 7 at 5 - 7.)

As explained in the Court's prior order, to state a plausible claim under the Fourteenth Amendment, Jackson must allege facts showing that:

> the defendant made an intentional decision with respect to the conditions under which [he] was confined; (ii) those conditions put [him] at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused [his] injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Jackson has not tied any action to a specific defendant, other than stating that various people did not respond to his grievances. Alleged failure to respond, in itself, is not a constitutional violation. Jackson also has failed to show any injury as the consequence of any person's actions or inactions. Jackson claims his injuries are feeling discouraged or apprehensive. (Doc. 7 at 5). Those feelings, without more, do not state a claim for a constitutional violation.

Similarly, Jackson's claim for lack of access to a law library lacks allegations that could show that a constitutional violation has occurred. He has not shown any injury for the lack of the resources he has. He asserts that he has, on a number of occasions, asked for legal materials or papers and envelopes, in order to

pursue his claims in court. He does not assert, however, that he has been unable to file whatever he has needed to file or has in other ways been prejudiced. He states that he has traded food with an inmate to get materials, thereby suffering malnutrition, but he fails to identify someone who was responsible for providing him materials but did not. Jackson also fails to plausibly allege that the food available to him in the facility is so inadequate that he cannot avoid malnutrition when trading with others. This claim fails to pass *Iqbal*'s plausibility test. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Jackson has failed to state a claim for lack of access to the courts.

### B. New Medical Claim

Jackson's Amended Complaint contains one new claim, that he was assaulted and now suffers from neck pain that has gone untreated. (Doc. 7 at 5.) He suffers from muscle spasms, a burning sensation, difficulty sleeping, and loss of appetite as a result. (Doc. 7 at 8.) Though Jackson labels his medical claim as an Eighth Amendment claim, because he is a pretrial detainee, his claim properly falls under the *Gordon* Fourteenth Amendment analysis outlined above. Medical claims brought by pretrial detainees arise under the objective deliberate indifference standard of the Fourth Amendment's Due Process Clause and not the Eighth Amendment's Cruel and Unusual Punishment Clause. *Gordon*, 888 F.3d at 1124.

4

Under this framework, Jackson fails to state a claim against any defendant he has named. He has not identified any defendant at all who "made an intentional decision with respect to" his medical care. *Gordon*, 888 F.3d at 1125. He also has failed to plausibly allege that any such defendant "would have appreciated the high degree of risk involved." *Id.* Jackson alleges that, on February 20, 25, and 27 of 2022, he filed medical request forms for a medical examination "due to exhaustion from lack of sleep". (Doc. 7 at 5.) Though he says this was caused by his neck injury, Jackson does not state that he put that in his request for attention. Jackson does not state that he made any further requests for assistance.

A plaintiff who never receives a response to a request for medical care for a serious medical need may, under certain circumstances, state a claim if he never receives a response. A lack of response after three requests within a week related to exhaustion, however, with no clarity as to the serious medical need, does not state a claim for deliberate indifference to a serious medical need:

> "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' "...The " 'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment."...Thus, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."

*Gordon*, 888 F.3d at 1124–25 (internal citations omitted). Jackson has not named a defendant who has acted with objective unreasonableness. He has failed to state a claim for denial of medical care.

Jackson's medical claim is also not appropriate to this Amended Complaint for another reason. A plaintiff properly may assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. A plaintiff also may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims asserted against different defendants, however, must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule serves "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607.

Jackson has not named any defendant who was responsible for providing him medical care, or who manifested deliberate indifference by failing to do so. As such, in order to state a claim related to this new medical care issue, Jackson would

6

have to add a new defendant to this suit. In that case, he is adding claims to this suit that do not arise out of the same transaction as the claims in his original suit, violating the *George v. Smith* rule outlined above. 507 F.3d at 607. Jackson's medical claim here will be dismissed for failure to state a claim.

### C. Individual Defendants

This Court's prior order explained under what circumstances Jackson could assert claims against supervisors and against municipalities. (Doc. 6 at 8 – 12.) In describing the acts and/or omissions of individual defendants, § 1983 imposes individual liability upon state actors only when their own personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).

Jackson has failed to allege sufficient facts to state a claim either against Mark Johnson, as supervisor of the jail, or against Butte-Silver Bow County itself. Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. A defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (*overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012)). Jackson has failed to allege "sufficient facts to plausibly

7

establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). Jackson has failed to state a claim against Mark Johnson.

Jackson also failed to state a claim against Butte-Silver Bow County. As explained previously, a local government can be sued directly under § 1983 only if the public entity maintains a policy or custom that results in a violation of plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 - 91 (1978). Jackson has alleged no plausible facts regarding any policy or practice enforced by Butte-Silver Bow County.

Jackson fails to state a claim against Defendants Mark Johnson and Butte-Silver Bow County.

## III.  CONCLUSION

The Court provided Plaintiff Jackson the opportunity to amend his Complaint to correct deficiencies in his allegations. Jackson's Amended Complaint fails to state a claim for federal relief, and therefore will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1.    Jackson's Amended Complaint (Doc. 7) is **DISMISSED**.

2.     The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.     The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 7th day of June, 2022.

_____
Brian Morris, Chief District Judge
United States District Court